UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-234-RJC
(3:08-cr-134-RJC-DSC-18)

| | |
|---|---|
| JOHNNY ELIAS GONZALEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's Motion for Trial and Sentencing Transcripts at the Government's Expense. (Doc. No. 4). On April 19, 2012, Petitioner, a member of the MS-13 gang, was convicted in this Court, along with numerous co-defendants, of conspiracy to commit racketeering in violation of 18 U.S.C. § 1962(d), and this Court sentenced Petitioner to 360 months of imprisonment. (Criminal Case No. 3:08cr134-RJC-DSC-18, Doc. No. 1412: Judgment). Petitioner appealed, and the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. United States v. Fernandez, 526 Fed. App'x 270 (4th Cir. 2013). Petitioner filed the pending motion to vacate on May 6, 2014. On September 9, 2014, this Court ordered the Government to respond to the motion to vacate, and the Government's response is due by November 13, 2014. On September 16, 2014, Petitioner filed the pending motion for trial and sentencing transcripts.[1]

To determine whether Petitioner is entitled to receive transcripts at the government's

---

[1] On June 4, 2014, Petitioner filed a motion for trial and sentencing transcripts in his criminal action in this Court, and on the same day U.S. Magistrate Judge David S. Cayer denied the motion by text order. (Criminal Case No. 3:08cr134-RJC-DSC-18, Doc. Entry Dated 6/4/2014).

1

expense, the Court looks to the standards articulated in 28 U.S.C. § 753(f). The statute indicates that indigent defendants are not entitled at their whim to transcripts at government expense. On collateral attack pursuant to 28 U.S.C. § 2255, the judge must certify that the transcript is needed to decide the issue presented by the suit. Thus, an indigent criminal defendant is not entitled to post-conviction transcripts at government expense absent a showing of a particularized need for them. Jones v. Superintendent, Va. State Farm, 460 F.2d 150, 152 (4th Cir. 1972) ("[A]n indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw.") (quoting United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963)). Here, Petitioner has not made a showing of a particularized need for a copy of the trial and sentencing transcripts, and therefore his motion for transcripts at government expense is denied.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Trial and Sentencing Transcripts at the Government's Expense, (Doc. No. 4), is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 29, 2014

Robert J. Conrad, Jr.
United States District Judge