UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-234-RJC
(3:08-cr-134-RJC-DSC-18)

| | |
|---|---|
| JOHNNY ELIAS GONZALEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion under Rule 60(b) Defects in Habeas Corpus Proceedings," (Doc. No. 19).

On April 21, 2015, this Court dismissed this action, filed pursuant to 28 U.S.C. § 2255, finding, among other things, that Petitioner had not shown ineffective assistance of counsel. (Doc. No. 15). The Clerk entered judgment on the same day. (Doc. No. 16). On April 21, 2015, this Court docketed as filed Petitioner's Motion for Leave to Supplement and/or Amend Pleading. (Doc. No. 17). On May 19, 2015, the Court denied the motion as moot because the Court had already dismissed this action. (Doc. No. 18).

In the pending motion, Petitioner asks the Court to reconsider its prior order denying the motion to supplement as moot. Petitioner contends that, under the prison mailbox rule, his motion to supplement should have been deemed to have been filed before this action was dismissed. The Court will deny Petitioner's motion, as he has failed to show that the Court's failure to entertain his motion to supplement prejudiced him in any way. In the motion to supplement, which did not even include a proposed supplemental pleading, Petitioner argued

1

only that a supplemental pleading "will help support his position as to the constitutional violations that have occurred in this case." (Doc. No. 17 at 2). This vague assertion is simply not enough to warrant reopening this already dismissed action to allow Petitioner to file a supplemental pleading to his motion to vacate.

**IT IS THEREFORE ORDERED** that Petitioner's "Motion under Rule 60(b) Defects in Habeas Corpus Proceedings," (Doc. No. 19), is **DENIED**.

Robert J. Conrad, Jr.
United States District Judge